

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00032-CR
_____

DANNY WAYNE ALCOSER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2016-1261-C1 (Counts I, II & III); Honorable Ralph T. Strother, Presiding

December 12, 2022

## ORDER PERTAINING TO PRO SE LETTER

Before QUINN, C.J., and PARKER, J., and PIRTLE, S.J.[1]

By our *Memorandum Opinion on Remand*, dated August 9, 2022, this court affirmed Appellant's conviction as to Count I, assault family violence, overruling Issue One, pertaining to whether the trial court abused its discretion in denying a mistrial, and

---

[1] Senior Justice Patrick A. Pirtle, retired, sitting by assignment. TEX. GOV'T CODE ANN. § 75.002(a)(1).

Issue Four, pertaining to whether the evidence was factually insufficient to support that conviction.[2] In that opinion, we also addressed the trial court's denial of Appellant's *Amended Motion for New Trial* raising questions pertaining to whether he received effective assistance of counsel.[3] Appellant's *Motion for Rehearing*, filed by his retained counsel, was overruled without written order on September 12, 2022.

Appellant subsequently filed a document this Court construed as a new notice of appeal and assigned to it Cause Number 07-22-00283-CR, styled *Alcoser v. State.* That appeal was dismissed for want of jurisdiction on October 26, 2022. *See Alcoser v. State,* No. 07-22-00283-CR, 2022 Tex. App. LEXIS 7952, (Tex. App.—Amarillo Oct. 26, 2022, no pet. h.) (mem. op., not designated for publication).

Appellant has now filed another *pro se* document making inquiry as to the status of his "notice of appeal from *that order*." (Emphasis added). From a reading of Appellant's filing, to the extent that we construe it as referring to the trial court's order of July 13, 2022. and our opinion of October 26, 2022, we have addressed it separately under that cause number. However, to the extent Appellant's new document also requests that we

---

[2] By our opinion and judgment dated December 20, 2019, this court originally reversed three convictions of Appellant (Count I-Assault Family Violence, Count II-Endangering a Child, and Count III-Interference with Emergency Request for Assistance). *See Alcoser v. State*, 596 S.W.3d 320, 338 (Tex. App.—Amarillo 2019). On the State's petition for discretionary review, the Court of Criminal Appeals reversed this court's decision as to Count I and remanded the case for further consideration of Appellant's remaining issues on whether the trial court abused its discretion in denying a mistrial (Issue One) and whether the evidence was factually insufficient to support Appellant's conviction as to Count I (Issue Four). *See Alcoser v. State*, __ S.W.3d __, No. PD-0166-20, 2022 Tex. Crim. App. LEXIS 186 (Tex. Crim. App. March 30, 2022). In its opinion, the Court of Criminal Appeals noted that the State did not dispute that this court "correctly reversed Appellant's convictions in Count II for endangering a child and in Count III for interference with an emergency request for assistance" and thus, did not address them. *Id.* at *11.

[3] In our opinion, we inadvertently referred to Appellant's motion for new trial as being "late-filed." A review of the record shows that, although an amended motion for new trial was filed on February 21, 2021 (and thus untimely), the trial court's attention was directed to another *Amended Motion for New Trial,* timely filed on February 2, 2018. For purposes of our review, we did presume the trial court denied the *Amended Motion for New Trial* that was brought to its attention at the July 13, 2022 hearing.

"revisit" our earlier opinion with respect to the trial court's denial of his *Amended Motion for New Trial,* addressed in Cause Number 07-18-00032-CR, we deny any additional relief with these comments.

We find that Appellant's "notice of appeal' is inapposite to this cause number and is an unnecessary predicate to his right to seek further review of this court's *Memorandum Opinion on Remand.* We further find that the trial court's July 13, 2022 order denying Appellant's motion for new trial is a nullity because it was entered long after Appellant's *Amended Motion for New Trial* was overruled by operation of law.

An appellant may seek further review of an appellate court decision by filing a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals. TEX. R. APP. P. 68.3. The petition must be filed within 30 days after either the day the judgment of court of appeals was rendered or the day the last timely filed motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals. TEX. R. APP. P. 68.2. In this proceeding, Appellant's *Motion for Rehearing* was overruled without written order on September 12, 2022. A petition for discretionary review was timely filed with the Texas Court of Criminal Appeals and was refused.

Furthermore, we previously addressed the matter by stating that the trial court had exceeded the scope of our order of abatement by even considering the amended motion and that, notwithstanding the trial court's lack of subject matter jurisdiction to address the amended motion, the claims being asserted (ineffective assistance of counsel) were "best left to a writ of habeas corpus where an evidentiary record can be developed." We further

3

indicated that we would not review Appellant's claims of ineffective assistance of counsel because the present record did not support such a finding.

### CONCLUSION

Having found that Appellant's "notice of appeal" was unnecessary to his right to seek further review of this court's *Memorandum Opinion on Remand* and having addressed the matter concerning the timeliness of his *Amended Motion for New Trial,* we find that Appellant is not entitled to any additional relief at this time and that all pending motions have been disposed.

Patrick A. Pirtle
Senior Justice

Do not publish.

4